UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTOINE BIRD,<br><br>    Petitioner,<br><br>        v.<br><br>WARDEN,<br><br>    Respondent. | CAUSE NO. 3:20-CV-84-PPS-MGG |

OPINION AND ORDER

Antoine Bird, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-19-4-552) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of conspiring to commit trafficking in violation of Indiana Department of Correction Offenses 111 and 113. Following a disciplinary hearing, he was sanctioned with a loss of one hundred ten days earned credit time and a demotion in credit class.

In the petition, Bird argues that he is entitled to habeas relief because the administrative record lacked evidence that suboxone had entered the facility and thus lacked sufficient evidence to find him guilty of trafficking. The bar for sufficiency of the evidence claims in this context is very low:

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (internal citations and quotations omitted).

The hearing officer did not find Bird guilty of trafficking but found him guilty of conspiring to commit trafficking. The administrative record includes a conduct report and an investigative report in which a correctional officer represented that they had intercepted Gabrielle Fisher's delivery of 1,191 strips of suboxone en route to the facility. ECF 8-1. The correctional officer further represented that review of recorded telephone conversations between Bird and Fisher confirmed that Bird had arranged for the suboxone to be delivered to the facility. *Id.* The administrative record also includes a confidential investigative file containing witness interviews and transcripts of recorded telephone calls consistent with the conduct report. ECF 10. The conduct report and the investigative file constitute some evidence that Bird conspired to bring suboxone strips into the Miami Correctional Facility. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Bird argues that he did not receive adequate notice of the charges because he was charged with two offenses in a single conduct report. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). The conduct report charged Bird with conspiring to commit trafficking in violation of Indiana Department of Correction

Offenses 111 and 113. ECF 8-1. Departmental policy defines Offense 111 as "attempting by one's self or with another person or conspiring or aiding and abetting with another person to commit any Class A offense." ECF 8-16 at 2. In other words, a conduct report accusing an inmate of conspiracy must necessarily mention a second offense. Because the conduct report adequately informed Bird that he was charged with conspiring to commit trafficking, this claim is not a basis for habeas relief.

Bird argues that he is entitled to habeas relief because correctional staff did not allow him to review transcripts of his recorded telephone calls, the interview with Fisher, and the interview of the confidential informant. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, a hearing officer may consider confidential information without allowing an inmate to personally review them, particularly if it would present a risk to safety or security. *See White v. Indiana Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public."); *Outlaw v. Anderson*, 29 F. App'x 372, 374 (7th Cir. 2002).

At screening, Bird requested Fisher and another inmate as witnesses, but they each declined to speak on Bird's behalf. ECF 8-3, ECF 8-9, ECF 8-10. He also requested "all statements and phone calls they said they have" and "any evidence that I can have from case." ECF 8-3. Correctional staff advised Bird that information related to the investigation was confidential and that his requests were vague but provided him with transcripts of two of the three recorded telephone calls between him and Fisher. ECF 8-

3

6, ECF 8-7, ECF 8-8. I agree that these requests were vague and further find that correctional staff's response to these requests were reasonable given the sensitive nature of the investigation. Bird further maintains that the third recorded call and confidential interviews were exculpatory. Summaries of these articles of evidence are included in the confidential investigative file, which I have reviewed in its entirety, and none of them are exculpatory. ECF 10. Therefore, the argument that Bird was not allowed to present evidence is not a basis for habeas relief.

Finally, Bird argues that he is entitled to habeas relief because the hearing officer did not consider his statement that he was not guilty and that he was not allowed to review the confidential investigative file. It is true that the hearing officer did not check the box for "Statement of Offender" on the hearing report form or expressly note that he considered Bird's statement. ECF 8-5. Nevertheless, the hearing officer transcribed Bird's statement at the hearing on the form by hand. Though the hearing officer clearly did not credit Bird's denial of guilt, the handwritten transcription suffices to demonstrate consideration of it. Therefore, this claim is not a basis for habeas relief.

Because Bird has not asserted a valid claim for habeas relief, the habeas petition is denied. If Bird wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because I find pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) **DENIES** the habeas corpus petition (ECF 1);

(2) **DIRECTS** the clerk to enter judgment and close this case; and

(3) **DENIES** Antoine Bird leave to proceed *in forma pauperis* on appeal.

**SO ORDERED on April 5, 2021.**

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
